[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11652
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00186-ACC-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOHAMMED ESMAIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 31, 2014)

Before HULL, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

After pleading guilty, Mohammed Esmail appeals his total 30-month sentence on six counts of conviction related to his fraud scheme involving the use of IRS tax refund checks, in violation of 18 U.S.C. §§ 2, 371, 510(a), 641, and 1028(a)(7), (b)(1)(D).  On appeal, Esmail argues that his sentence is substantively unreasonable.  After review, we affirm.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances.  Id.  On appeal, Esmail argues only that his sentence is substantively unreasonable, and thus has abandoned any claim of procedural unreasonableness.  See United States v. Dougherty, 754 F.3d 1353, 1358 (11th Cir. 2014).

The abuse of discretion standard "allows for a range of choice for the district court," and we will vacate a sentence only if "left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Irey, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc) (quotation marks omitted).  The party challenging the sentence bears the burden of showing that the sentence is

2

unreasonable in light of the record and the § 3553(a) factors. United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013).[1]

Here, Esmail has failed to carry his burden. Esmail's 30-month sentence is at the low end of his advisory guidelines range of 30 to 37 months in prison and well below his statutory maximum of fifteen years. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Further, the circumstances of Esmail's six offenses do not suggest a downward variance was appropriate in his case. Esmail was involved in a scheme to buy fraudulent tax refund checks from various suppliers in the community for a percentage of their face value. To that end, Esmail opened two corporate bank accounts and deposited over $246,000 worth of tax refund checks in those accounts in one month. When his bank refused to continue accepting mass deposits of U.S. Treasury checks, Esmail began looking for a buyer of the checks.

A confidential informant introduced Esmail to an undercover agent. On three occasions, Esmail sold the agent fraudulent or stolen tax refund checks, with a total face value of $71,612.96. He also provided the agent with copies of false

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

identification matching some of the checks.  In all, Esmail was responsible for losses of over $300,000.

Moreover, over the course of several meetings, Esmail discussed future transactions for even larger face-value amounts of $200,000 and $375,000.  At one point, Esmail stated he could get as many checks as the undercover agent wanted, as often as the undercover agent wanted to buy them.  Esmail demonstrated an in-depth knowledge of how to proceed without being detected.  For example, Esmail said they should not conduct business in Tampa because the city had become too "hot," warned the undercover agent they were risking a twenty-year prison sentence, and detailed precautions he took to keep from getting caught, such as changing his phone number frequently, not working with people who had been arrested, and not keeping checks for any period of time.

Esmail later expressed interest in pursuing more lucrative arrangements with the undercover agent.  Esmail proposed opening a store together for the purpose of continuing the check-cashing business, explaining that they could deposit the fraudulent tax refund checks along with the store's daily receipts without objection from the bank.  Esmail stated that he had contacts who could prepare tax returns using stolen identities, but that he also thought he could do it himself.

In other words, as the government pointed out at sentencing, Esmail's offenses were qualitatively different from the typical identify-theft offense.

4

Esmail's offenses were "one step up" from the check suppliers who filed the false tax returns because Esmail provided a way for the resulting tax refund checks to be cashed in high volume. In addition, Esmail's transactions with the undercover agent were not merely a one-time event. Rather, Esmail had already gained significant experience engaging in this conduct and was actively looking for a way to continue his high-volume business without getting caught.

Esmail, who is from India and not legally in United States, argues that his sentence fails to meet the statutory purposes of sentencing because he is subject to removal and his imprisonment wastes taxpayer money. The § 3553(a) sentencing factors, however, are not so limited. Esmail's sentence also must reflect the seriousness of his offense, promote respect for the law, provide just punishment, and deter criminal conduct. The weight to be accorded any one factor is within the district court's sound discretion, Kuhlman, 711 F.3d at 1327, and, given the record here, we cannot say the district court committed a clear error of judgment in weighing of the § 3553(a) factors and imposing a 30-month prison sentence.

**AFFIRMED.**

5